UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 07-25-HRW

BOBBY ROGERS, PLAINTIFF,

v.       **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, DEFENDANT.

This matter is before the Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Docket No. 9]. This matter has been fully briefed by the parties [Docket No. 10] and for the reasons set forth below, the Court finds that it lacks jurisdiction over this matter. Thus it must be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) and 12(h)(3).

Plaintiff Bobby Rogers is a federal prisoner incarcerated at The Federal Correctional Institution, Ashland, Kentucky (hereinafter "FCI Ashland").

On January 18, 2006, at approximately 12:06 p.m., an FCI Ashland inmate work/transport bus collided with a tree. At the time of the accident, the bus was performing a scheduled pickup and drop off of inmates to their respective work details following lunch. The bus picked up 19 inmates at the front entrance of the Federal Prison Camp at approximately 12:05 p.m. The bus traveled approximately .5 miles before striking a tree [Attachment # 4, Docket No. 9].

Plaintiff was on board the bus and suffered injuries as a result of the accident.  Specifically, Plaintiff was transported to King's Daughters Medical Center, where he claims he was diagnosed with a "base of the neck fracture, right hip" and left wrist and hip pain.   Plaintiff underwent surgery and was discharged [Attachment # 4, Docket No. 9].

Plaintiff filed an administrative tort claim pursuant tp the Federal Tort Claims Act with the Consolidated Legal Center in Lexington on June 2, 2006 seeking $250,000 in compensatory damages [Attachment # 16, Docket No. 9].

The  Consolidated Legal Center denied Plaintiff's claim by letter dated November 28, 2006.  In denying the claim, the agency explained that as the motor vehicle accident occurred while Plaintiff was en route to his work assignment on the grounds of FCI,  his injuries were work-related and only compensable through the Inmate Compensation Act.  Plaintiff's counsel was advised that Plaintiff's medical costs were paid by the Federal Bureau of Prisons and that any further treatment would be paid until Plaintiff's February 9, 2013 release date.   Thus, Plaintiff's Federal Tort Claims Act claim was precluded.

On March 2, 2007 Plaintiff filed the instant civil action pursuant to the Federal Torts Claims Act, 28 U.S.C. § 2671, *et seq.* seeking $250,000 in compensatory damages as well as attorneys fees [Docket No. 1].

2

Defendant seeks dismissal of this action, arguing that the Inmate Accident Compensation Act, 18 U.S.C. § 4126, *et seq.* provides the exclusive remedy for Plaintiff's injuries. Specifically, Defendant argues that Plaintiff's injuries were work-related and thus within the ambit of the exclusive jurisdiction provision in the Inmate Accident Compensation Act. Thus, Defendant claims that this Court lacks subject matter jurisdiction over Plaintiff's claims and the lawsuit must be dismissed.

In assessing a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all material factual allegations in the complaint and construe the same in favor of the nonmoving party. On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction over the complaint. *See Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir. 2005).

The Inmate Accident Compensation Act (hereinafter "IACA") is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary. *United States v. Demko*, 385 U.S. 149(1966). The IACA bars subsequent suits when the injury suffered by the inmate is work-related. *Wooten v. United States of America*, 825 F.2d 1039, 1044 (6th Cir. 1987). *See also*, *Fraley v. Department of Justice*, 1997 WL 225495 (6th Cir. May 1, 1997);

3

*Springer v. United States*, 2000 WL 1140767 (6th Cir. Aug. 8, 2000); and *Monroe v. United States*, 2006 WL 3021139 (E.D. Ky. Oct. 23, 2006).

There seems to be no dispute between the parties as to whether the IACA provides the exclusive remedy for work-related inmate injuries; rather, the dispositive issue is whether Plaintiff's injuries are properly considered "work-related."

"Work-related injury" is defined by the relevant Department of Justice regulations as "any injury ... proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. §301.302.

Defendant contends that the injuries suffered by Plaintiff are work-related as contemplated by the IACA. The Court agrees. At the time of the accident, Plaintiff was being transported by the prison to his work assignment. The record establishes that FCI Ashland mandated that the inmates involved in the subject accident be transported to their respective work sites via the bus and that the inmates were required to be a specific site at a specific time [Attachment # 19, Docket No. 9]. In other words, but for the work assignment, Plaintiff would not have been on the bus at the time of the accident.

In an effort to avoid the preclusive effect of the IACA, Plaintiff cites an unpublished decision from the United States District Court, District of Connecticut

4

styled *Codianni-Robles v. United States of America*, 2005 WL 2098837 (D. Conn. August 29, 2005) in which the Court overruled the defendant's motion to dismiss an inmates action for lack of jurisdiction. Notwithstanding that *Codianni-Robles* is not binding precedent, it is inapposite. The inmate in *Codianni-Robles* alleged she tripped and fell on a sidewalk en route to a social gathering and planning, on her way, to discuss a work-related matter with another inmate. *Id*. This Court agrees that the relation to work in *Codianni-Robles* tenuous at best. However, as discussed *supra*, the relationship of the work and the injury in this case is clear. Here, Plaintiff was required to, and being compensated for, being on the prison bus to be transported to and from his work assignment.

Based upon the record, the Court finds that Plaintiff's injuries are work-related. Thus, this action is barred by Section 4126 of the IACA as well as *Demko* and its progeny. As such, this Court lacks subject matter jurisdiction over Plaintiff's Complaint.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 9] be **SUSTAINED** and that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This September 7, 2007.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge